IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| GULF WEST LANDFILL TX, LP | § | |
|    *Plaintiff,* | § | |
| | § | |
| *v.* | § | |
| | § | CIVIL ACTION NO. _____ |
| ENVIRONMENTAL INDUSTRIAL | § | |
| SERVICES GROUP, INC. | § | |
|    *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Gulf West Landfill TX, LP ("Gulf West") files this Original Complaint against Defendant Environmental Industrial Services Group, Inc. ("EISG") to declare the constitutional lien EISG has asserted against Plaintiff's property to be invalid and unenforceable and to recover the attorneys' fees incurred in prosecuting this action.

**NATURE OF THE CASE**

1. Plaintiff is the owner of a landfill located in Anahuac, Texas known as the Gulf West Landfill. EISG previously served as the general contractor on landfill cell construction projects at the Gulf West Landfill as well as a number of other landfills owned by Plaintiff's affiliates. EISG failed to pay the subcontractors it engaged to provide labor and materials in connection with those projects, prompting many of its subcontractors to file mechanics and materialmen's liens against the landfills. Plaintiff and its affiliates were forced to engage counsel to clear the liens from their property, including through the filing of multiple interpleader actions to deposit the statutory retainage in their possession and allow EISG and its subcontractors to resolve their entitlement to those funds among themselves. Plaintiff and its affiliates also filed

2333273

breach of contract claims against EISG for failing to honor its contractual obligation to keep the landfills free of liens.[1] Although EISG never asserted a claim to any of the interpled funds, it has persisted in claiming that Plaintiff and its affiliates still owe EISG additional sums.

2.  EISG's contention is false as it has already been paid all amounts due under the terms of the underlying contracts. That fact has already been litigated and decided. Final judgment has been entered in Plaintiff's and its affiliates' favor on each of the breach of contract claims they filed against EISG. Implicit in each of those judgments is a finding that Plaintiff and its affiliates performed all of their own contractual obligations under the terms of their agreements with EISG—including of course paying EISG all amounts owed. The final judgments make plain that neither Plaintiff nor its affiliates owe EISG any money.

3.  EISG has nevertheless sought to foreclose on a series of constitutional liens it has asserted against the Gulf West Landfill and the landfills owned by its affiliates. EISG initially filed lawsuits to enforce the liens in state court against Plaintiff's parent company, Republic Services, Inc. ("Republic").[2] Following removal to federal court and consolidation before the

---

[1] The interpleader and breach of contract actions were styled as follows: *Blue Ridge Landfill TX, L.P. v. Gulf Coast Materials, et al.*, Cause No. 20-DCV-270761A, 268th Judicial District Court of Fort Bend County, Texas; *Republic Services Procurement v. Swift Financial LLC, et al.*, Cause No. 05052, 164th Judicial District Court of Harris County, Texas; *BFI Waste Systems of North America, LLC v. Moffitt Caswell Southern Trucking, LLC, et al.*, No. C-0319-20-F, 332nd Judicial District of Hidalgo County, Texas; *McCarty Road Landfill TX, L.P. v. Romco Equipment Co., et al.*, Cause No. 2020-04348, in the 129th Judicial District Court of Harris County, Texas; *Desarrollo Del Rancho La Gloria, L.P. v. Environmental Industrial Services Group, Inc.*, Cause No. C-0963-20-B, 93rd Judicial District Court of Hidalgo County; and *Gulf West Landfill TX, LP v. Bottom Line Equipment LLC, et al.*, No 20-DC-0067-A, in the 344th District Court of Chambers County, Texas.

[2] The five original foreclosure cases were styled as follows: *In re: Order for Foreclosure Concerning 18014 Odessa Pit 7 Final Cover, Odessa, Texas 79761 under Tex. R. Civ. P. 736, Environmental Industrial Services Group Inc. v. Republic Services, Inc.*, Cause No. 22-01-0094-CV in the 70th Judicial District Court of Ector County, Texas; *In re Order for Foreclosure Concerning 2601 Jenkins Rd., Anahuac, Texas 77514 under Tex. R. Civ. P. 736, Environmental Industrial Services Group Inc. v. Republic Services, Inc.*, Cause No. 22DCV0038 in the 253rd Judicial District Court of Chambers County, Texas; *In re: Order for Foreclosure Concerning 2200 FM 521, Fresno, Texas 77545 under Tex. R. Civ. P. 736, Environmental Industrial Services Group Inc. v. Republic Services, Inc.*, Cause No. 22-DCV-290611 in the 268th Judicial District Court of Fort Bend County, Texas; *In re: Order for Foreclosure Concerning 5757 Oates Road, Houston, Texas 77078 under Tex. R. Civ. P. 736, Environmental Industrial Services Group Inc. v. Republic Services, Inc.*, Cause No. 2022-04819 in the 152nd Judicial District Court of Harris County, Texas; *In re: Order for Foreclosure Concerning 23485 N. Moorefield Rd., Edinburg, Texas 78541 under Tex. R. Civ. P. 736, Environmental*

McAllen Division, the consolidated action against Republic was dismissed for lack of personal jurisdiction.[3] EISG's motion for leave to add Plaintiff and the other landfill owners as defendants was denied on grounds of futility, and sanctions were ordered based on the court's finding that the liens at issue were "legally and factually non-existent." No. 7:22-CV-00066, Dkt. 41.

4. In spite of that ruling, EISG initiated a second round of foreclosure actions in state court against Plaintiff and the other landfill owners—the very same parties the court refused to allow EISG to add as defendants to the initial foreclosure action. Although Plaintiff was among the named defendants, EISG mistakenly omitted from the action the lien it had asserted against the Gulf West Landfill. The cases were again removed to federal court and consolidated before the McAllen Division.[4] Defendants in that case filed a consolidated motion for sanctions against EISG for seeking, yet again, to enforce liens that it knows are fraudulent. A few weeks later, EISG voluntarily dismissed all of its causes of action. Nevertheless, EISG refused to release the constitutional liens at issue.

5. Instead, EISG filed motions to declare all of the federal court and state court interlocutory orders and final judgments "void ab initio" because the underlying contracts mandate that disputes be litigated in Maricopa County, Arizona. As the federal court presiding over the foreclosure action recognized, however, "a forum selection clause does not divest a court of subject matter jurisdiction, rendering [EISG's] argument ineffective." No. 7:22-cv-00368, Dkt,. No. 22. The court dismissed EISG's foreclosure claims with prejudice pursuant to Federal Rule of Civil

---

*Industrial Services Group Inc. v. Republic Services, Inc.*, Cause No. C-0310-22-I in the 398th Judicial District Court of Hidalgo County, Texas.

[3] As consolidated, the original foreclosure action was styled *Environmental Industrial Services Group, Inc. v. Republic Services, Inc.*, No. 7:22-CV-00066, in the United States District Court for the Southern District of Texas, McAllen Division.

[4] As consolidated, the second foreclosure action was styled *Environmental Industrial Services Group, Inc. v. Desarrollo del Rancho La Gloria TX, LP, et al.*, No. 7:22-CV-00368, in the United States District Court for the Southern District of Texas, McAllen Division.

3

2333273

Procedure 41(a)(1)(A)(i) and granted Defendants' summary motion to remove the invalid liens pursuant to Section 53.160(b)(5) of the Texas Property Code. *Id.*

6. The court's order removed the invalid liens from the landfills owned by McCarty Road Landfill TX, LP, Desarrollo del Rancho La Gloria TX, LP, and Blue Ridge Landfill TX, LP. However, because EISG mistakenly omitted the lien it asserted against the Gulf West Landfill from the action, Plaintiff's landfill is unfortunately still encumbered by the fraudulent lien. Plaintiff is filing this action to declare the constitutional lien EISG asserted against the Gulf West Landfill to be invalid and unenforceable so that it may be discharged pursuant to Section 53.157 of the Texas Property Code.

## PARTIES

7. Plaintiff Gulf West Landfill TX, LP is a Delaware limited partnership. Plaintiff's partners are: (1) Allied Waste Landfill Holdings, Inc. and (2) Allied Waste Systems Holdings, Inc., both of which are Delaware corporations that maintain their principal places of business in Arizona. Plaintiff is therefore a citizen of the states of Delaware and Arizona.

8. Defendant, EISG is a domestic for-profit corporation organized under the laws of the State of Texas with its principal place of business in Texas. EISG is therefore a citizen of the State of Texas. Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), EISG may be served by delivering a copy of the summons and this Original Complaint to either (1) Barry Esene, EISG's Executive Vice President and registered agent to receive service of process, at 7434 Greatwood Lake Drive, Sugar Land, Texas 77479 or (2) Ken Esene, EISG's Chief Operating Officer, at 20007 Ginger Creek Trail, Katy, Texas 77450.

## JURISDICTION AND VENUE

9. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

10. The Court has personal jurisdiction over EISG because it is a domestic entity that maintains its principal place of business in this State.

11. Venue is proper in the Southern District of Texas because Defendant EISG is a resident of this District. 28 U.S.C. § 1391(b)(1). Venue is additionally proper in this District because the real property at issue is situated within its borders. *Id.* § 1391(b)(2).

## FACTUAL BACKGROUND

12. Gulf West is the owner of a landfill located at 2601 Jenkins Road, Anahuac, Texas 77514 (the "Gulf West Landfill"). On January 1, 2019, Gulf West entered into an Agreement for Professional Engineering Contracting Services (the "Gulf West Contract") with EISG whereby EISG agreed to serve as the general contractor on a landfill cell construction project on the Gulf West Landfill. EISG failed to pay a number of the subcontractors it retained in connection with the Project, many of whom asserted liens against the Gulf West Landfill for the unpaid amounts. After receiving notice of the liens, Gulf West terminated EISG's Contract and filed an interpleader action to deposit the statutory retainage and trapped funds in its possession in order to allow EISG and its creditors to resolve their competing claims to those funds.

13. EISG responded by filing groundless counterclaims and affirmative defenses and then refusing to participate in discovery. Despite its accusations, ESIG never contested any of the claimants' entitlement to the funds Gulf West sought to interplead into the court's registry. The court granted Gulf West's petition to interplead funds on October 20, 2020, and an agreed

judgment was entered on March 23, 2021 ordering distribution of the interpled funds to EISG's subcontractors.

14.     Following severance of EISG's counterclaims, Gulf West amended its petition to assert a breach of contract cause of action against EISG for failing to keep the Gulf West Landfill free of liens and indemnify Gulf West for any losses stemming from its failure to do so in accordance with the terms of the Contract.  EISG continued to dodge discovery efforts, violating both its obligations under the Texas Rules of Civil Procedure and its duty of candor to the court. After years of evading discovery, EISG finally nonsuited all of its counterclaims and affirmative defenses.  The remainder of EISG's pleadings were struck in their entirety pursuant to a sanctions order issued on May 3, 2022.  EISG failed to appear when case was called to trial on June 21, 2022.  Final judgment was entered on Gulf West's breach of contract claim against EISG that same day.[5]

15.     In spite of EISG's nonsuit of its breach of contract counterclaim against Gulf West and its failure to even appear for trial on Gulf West's own breach of contract claim, it nevertheless filed an affidavit claiming a constitutional lien against the Gulf West Landfill alleging $726,459.79 remained outstanding for labor and materials provided to the Landfill.[6]  The lien is invalid and unenforceable as it has already been judicially determined that Gulf West does not have any further liability to EISG.

---

[5] A copy of the Gulf West final judgment is attached hereto as Exhibit A.
[6] A copy of the referenced lien is attached hereto as Exhibit B.

## CAUSES OF ACTION

### COUNT 1 - DECLARATORY JUDGMENT

16. The foregoing paragraphs are incorporated as if fully restated herein.

17. Section 53.157(3) of the Texas Property Code provides that an affidavit claiming a mechanic's lien may be discharged by "recording the original or certified copy of a final judgment or decree of a court of competent jurisdiction providing for the discharge."

18. The constitutional lien EISG has asserted against Plaintiff's Landfill is invalid and unenforceable as it has already been judicially determined that Plaintiff does not owe EISG any sums under the terms of the underlying Contract.

19. Plaintiff is therefore seeking a declaratory judgment pursuant to the Federal Declaratory Judgment Act codified at 28 U.S.C. § 2201 declaring the lien to be invalid and of no force and effect so that it may be discharged and removed from the subject property.

### COUNT 2 - ATTORNEYS FEES

20. Plaintiff seeks to recover its costs and reasonable and necessary attorneys' fees incurred in prosecuting this action as provided by Section 53.156 of the Texas Property Code.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gulf West Landfill TX, LP prays that Defendant Environmental Industrial Services Group, Inc. be cited to appear and file and an answer herein, and upon final hearing, that they may recover the following:

a) an Order declaring the claimed constitutional lien attached hereto as Exhibit B is invalid and unenforceable and ordering it to be discharged from the real property records of Chambers County, Texas;

b) costs and reasonable and necessary attorneys' fees;

c)  all other and further relief to which Plaintiff may be justly entitled.

Dated:  November 17, 2023

Respectfully Submitted,

**BECK REDDEN LLP**

By: */s/ Troy Ford*
    Troy Ford - *Attorney in Charge*
    State Bar No. 24032181
    Federal Bar No. 30253
    tford@beckredden.com
    Amy Parker Beeson – *of Counsel*
    State Bar No. 24051156
    Federal Bar No. 626178
    abeeson@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**ATTORNEYS FOR PLAINTIFF GULF WEST LANDFILL TX, LP**