IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| GULF WEST LANDFILL TX, LP, <br> *Plaintiff,* <br><br> v. <br><br> ENVIRONMENTAL INDUSTRIAL <br> SERVICES GROUP, INC., <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 7:23-CV-00404 |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

TO THE HONORABLE RANDY CRANE:

Plaintiff Gulf West Landfill TX, LP ("Gulf West") files this motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) to request that the Court enter default judgment against Defendant, Environmental Industrial Services Group, Inc. ("EISG") as follows:

1.      Plaintiff filed its Original Complaint in this action on November 17, 2023 seeking an order from the Court declaring the constitutional lien EISG has asserted against Plaintiff's property to be invalid and unenforceable. As set forth therein, Plaintiff is the owner of a landfill located in Anahuac, Texas known as the Gulf West Landfill. EISG previously served as the general contractor on landfill cell construction projects at the Gulf West Landfill. EISG failed to pay the subcontractors it engaged to provide labor and materials in connection with those projects, prompting many of its subcontractors to assert mechanics and materialmen's liens against the Landfill for the unpaid amounts. Plaintiff was forced to engage counsel to clear the liens from the Landfill, including through the filing of an interpleader actions to deposit the statutory retainage in its possession and allow EISG and its subcontractors to resolve their entitlement to those funds

2485652

among themselves. Plaintiff also filed a breach of contract claim against EISG for failing to honor its contractual obligation to keep the landfills free of liens.[1] Although EISG never asserted a claim to the interpled funds, it has persisted in claiming that Plaintiff still owes EISG additional sums.

2.  EISG's contention is false as it has already been paid all amounts due under the terms of the underlying contracts. That fact has already been litigated and decided. Final judgment has been entered in Plaintiff's favor on the breach of contract claim it filed against EISG.[2] Implicit in the judgments is a finding that Plaintiff performed all of its own contractual obligations under the terms of its agreement with EISG—including paying EISG all amounts owed. The final judgment makes plain that Plaintiff does not owe EISG any money.

3.  EISG has nevertheless sought to foreclose on a constitutional lien it has asserted against the Gulf West Landfill.[3] EISG initially filed lawsuits to enforce the lien in state court against Plaintiff's parent company, Republic Services, Inc. ("Republic").[4] Following removal to federal court and consolidation with three related lawsuits before the McAllen Division, the consolidated action against Republic was dismissed for lack of personal jurisdiction.[5] EISG's motion for leave to add Plaintiff as a defendant was denied on grounds of futility, and sanctions were ordered based on the Court's finding that the liens at issue, including the constitutional lien asserted against the Gulf West Landfill, was "legally and factually non-existent." No. 7:22-CV-00066, Dkt. 41.

---

[1] The interpleader and breach of contract actions was styled as follows: *Gulf West Landfill TX, LP v. Bottom Line Equipment LLC, et al.*, No 20-DC-0067-A, in the 344th District Court of Chambers County, Texas.
[2] Attached hereto as Exhibit A is a true and correct copy of the June 23, 2022 Final Judgment entered in the State Court Case.
[3] Attached hereto as Exhibit B is a true and correct copy of the constitutional lien at issue.
[4] The original foreclosure case was styled as follows: *In re Order for Foreclosure Concerning 2601 Jenkins Rd., Anahuac, Texas 77514 under Tex. R. Civ. P. 736, Environmental Industrial Services Group Inc. v. Republic Services, Inc.*, Cause No. 22DCV0038 in the 253rd Judicial District Court of Chambers County, Texas.
[5] As consolidated, the original foreclosure action was styled *Environmental Industrial Services Group, Inc. v. Republic Services, Inc.*, No. 7:22-CV-00066, in the United States District Court for the Southern District of Texas, McAllen Division.

2485652

4. In spite of that ruling, EISG initiated a second foreclosure action in state court against Plaintiff. EISG, however, mistakenly omitted from the action the lien it had asserted against the Gulf West Landfill. The case was again removed to federal court and consolidated with other similar actions before the McAllen Division.[6] Defendants in that case filed a consolidated motion for sanctions against EISG for seeking, yet again, to enforce liens that it knows are fraudulent. A few weeks later, EISG voluntarily dismissed all of its causes of action. Nevertheless, EISG refused to release the constitutional liens at issue.

5. Instead, EISG filed motions to declare all of the federal court and state court interlocutory orders and final judgments "void ab initio" because the underlying contracts mandate that disputes be litigated in Maricopa County, Arizona. As the Court recognized, however, "a forum selection clause does not divest a court of subject matter jurisdiction, rendering [EISG's] argument ineffective." No. 7:22-cv-00368, Dkt,. No. 22. The Court dismissed EISG's foreclosure claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and granted Defendants' summary motion to remove the invalid liens pursuant to Section 53.160(b)(5) of the Texas Property Code. *Id.*

6. The Court's order removed the invalid liens from the landfills owned by McCarty Road Landfill TX, LP, Desarrollo del Rancho La Gloria TX, LP, and Blue Ridge Landfill TX, LP. However, because EISG mistakenly omitted the lien it asserted against the Gulf West Landfill from the action, Plaintiff's landfill is unfortunately still encumbered by the fraudulent lien.

---

[6] As consolidated, the second foreclosure action was styled *Environmental Industrial Services Group, Inc. v. Desarrollo del Rancho La Gloria TX, LP, et al.*, No. 7:22-CV-00368, in the United States District Court for the Southern District of Texas, McAllen Division.

7.  Plaintiff therefore filed this action to declare the constitutional lien EISG asserted against the Gulf West Landfill to be invalid and unenforceable so that it may be discharged pursuant to Section 53.157 of the Texas Property Code.

8.  A default has already been entered in this case for Defendant's failure to plead or otherwise defend. A Summons was issued to Barry Esene as EISG's Executive Vice President and registered agent to receive service of process on November 20, 2023. Following several failed attempts, service was finally effectuated on December 12, 2023 by hand delivery to Mr. Esene. Dkt. No. 5. Pursuant to Federal Rule 12, EISG was obligated to file either a responsive pleading or a motion asserting one or more of the defenses set forth in Federal Rule 12(b) within 21 days of service, by January 2, 2024. EISG failed to make an appearance, file a responsive pleading, or file a motion asserting any of the defenses set forth in Federal Rule 12(b). No extensions requested or given, and the time for responding to Plaintiff's Original Petition accordingly expired.

9.  Plaintiff accordingly moved for entry of default on January 12, 2024 on the ground that EISG failed to plead or otherwise defend. Dkt. No. 6. The Court issued an Order on February 5, 2024 directing the Clerk of Court to enter default against Defendant. Dkt. No. 8. Entry of default was effectuated the same day. Dkt. No. 9.

10. In order to bring this matter to a close, Plaintiff is moving for entry of default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2). The basis for the constitutional lien Plaintiff has asserted against the Gulf West Landfill (*see* Ex. B) is EISG's claim that Plaintiff still owes EISG money under the contract at issue in the prior state court interpleader and breach of contract action. The Final Judgment issued in that case (*see* Ex. A) demonstrates that Plaintiff has no liability to EISG and has performed all of its own contractual obligations under the terms of its agreement with EISG—including paying EISG all amounts owed. Plaintiff

2485652

accordingly respectfully requests entry of default judgment so that the lien may promptly be removed from its property.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that that Court enter judgment by default against Defendant EISG and enter an order declaring the constitutional lien EISG filed against the Gulf West Landfill invalid and of no legal force and effect.

Dated:  April 1, 2024                                    Respectfully Submitted,

**BECK REDDEN LLP**

By: */s/ Troy Ford*
    Troy Ford - *Attorney in Charge*
    State Bar No. 24032181
    Federal Bar No. 30253
    tford@beckredden.com
    Amy Parker Beeson – *of Counsel*
    State Bar No. 24051156
    Federal Bar No. 626178
    abeeson@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**ATTORNEYS FOR PLAINTIFF GULF WEST LANDFILL TX, LP**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served on Defendant, Environmental Industrial Services Group, Inc. ("EISG") by mailing a copy to Barry Esene, EISG's Executive Vice President and registered agent to receive service of process via certified mail, return receipt requested both at his last known address (7434 Greatwood Lake Drive, Sugar Land, Texas 77479) and to the address at which he accepted service of process (20007 Ginger Creek Trail, Katy, Texas 77450) in compliance with Federal Rule of Civil Procedure 5(b)(2)(C).

                                            */s/ Amy Parker Beeson*
                                            Amy Parker Beeson

2485652